NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GOOGLE LLC,**
*Appellant*

**v.**

**NETWORK-1 TECHNOLOGIES, INC.,**
*Appellee*

---

2017-1379

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. CBM2015-00113.

---

Decided: January 23, 2018

---

ERIKA ARNER, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Reston, VA, argued for appellant. Also represented by JOSHUA GOLDBERG, J. MICHAEL JAKES, Washington, DC.

JONAS BRAM JACOBSON, Dovel & Luner, LLP, Santa Monica, CA, argued for appellee. Also represented by GREGORY S. DOVEL, SEAN LUNER, MATTHAEUS MARTINO-WEINHARDT; JUNG SUK HAHM, CHARLES R. MACEDO, Amster Rothstein & Ebenstein LLP, New York, NY.

---

Before LOURIE, TARANTO, and CHEN, *Circuit Judges.*

CHEN, *Circuit Judge.*

Appellant Google Inc. appeals from the final written decision of the Patent Trial and Appeal Board (Board) in a covered business method (CBM) post-grant review proceeding concerning Network-1 Technologies, Inc.'s U.S. Patent No. 8,904,464 (the '464 Patent).

In the decision, the Board ruled that claims 1–34 of the '464 Patent were not proven unpatentable. In so ruling, the Board considered the proper construction of the term "machine-readable instructions," which is recited in all claims. Based on the evidence and arguments provided by the parties, the Board concluded that "machine-readable instructions" would have been understood as "code or pseudocode that is executable by a computer processor." J.A. 8.

This court finds no error in the Board's construction of "machine-readable instructions." Substantial evidence supports the factual findings underlying the Board's construction. We are also not persuaded by Google's argument that the intrinsic evidence contradicts the Board's construction. In view of this construction and the arguments and evidence Google presented below, we conclude that the Board did not err in determining that Google did not meet its burden of proving that the claims of the '464 Patent are unpatentable.

For the foregoing reasons, we affirm.

**AFFIRMED**